310187, people of the state of Illinois at the lead, Mark Ostum v. M. Nelson, Appellant Joel Murphy Mr. Murphy, you may proceed Good morning, Your Honors. Good morning. May you please record. My name is Joel Murphy. I represent Mr. Nelson, the appellant in this case. Today I'm asking this court to remand this cause to the circuit court, directing that an order be entered, granting Mr. Nelson's petition to rescind statutory summary suspension. What had happened in this case, Judge, Mr. Nelson filed a petition to rescind summary suspension timely and serve the state both in accordance with what's required by the vehicle code, specifically Section 2-118.1. This triggered the 30-day requirement, burden I should say, placed upon the state to bring Mr. Nelson's hearing on the petition. Now, Mr. Nelson was not afforded that hearing and at issue today is whose fault that was. And Mr. Nelson's position, Your Honors, is that he was not afforded this hearing due to action by the trial court and inaction by the state. Not any fault of Mr. Nelson's because he did everything that was required by him. Now, the reason this petition was not brought to hearing by the state was because the trial court, without any notice or request by the state, entered an ex parte order dismissing Mr. Nelson's petition and sending it back. Now, the reason that it was dismissed is it said that his petition did not follow, or it was not on the form required by a certain local rule or administrative order. Now, while the statute sets forth requirements for petitioner, petitions to rescind, it says they have to be in writing, state the grounds for rescission, and they've got to be served on the state file with the clerk. All of this was done. There are no additional requirements set forth in the statute other than that. While our Supreme Court has authorized circuit courts to create local rules, it does limit that authority. It says to the extent they cannot conflict with Supreme Court rules or statutes, they cannot limit, abrogate, or modify existing law. Furthermore, they're not to place additional burdens on the litigants, and insofar as practical, they're supposed to be uniform throughout the state. What happened here is an additional burden was attempted to be placed on Mr. Nelson before his petition to rescind would be set for hearing. The state claims that Mr. Nelson or myself failed to ascertain the local rules and adhere to them. Now, Your Honors, before I filed anything in the 13th District here, I looked up the local rules, or at least what are published, and there was nothing in there setting forth this administrative order or requirement. It appears, if you look at their administrative order, unless you commonly practice in LaSalle County or are a part of the LaSalle County Bar Association, this order would not have been distributed to that person. There's no way to know about it. And so at one point, the state goes so far as to say that Mr. Nelson or myself didn't contact the circuit clerk to find out these local rules. Judge, I would contest whether or not that is a requirement on any litigant in the over 100 counties in the state of Illinois before they, I mean, obviously they're already assumed to know what's in the statutes and what you're supposed to do, and now they're supposed to contact the clerk of the county that they were arrested to find out if there are specific forms to be used before they can file these petitions. While many counties, presumably all of them, may have forms to be used, the issue is whether or not those are required to be used. Obviously, the clerks can assist people and provide forms for them, but that issue is whether or not they must require people to use these forms when all that's set forth in the statute was followed by Mr. Nelson. Where did you look or where did you find local rules? On Westlaw. And the provision that this form be used was not included in those local rules? That's correct. To this day, I believe it's still not in there. Now, as this court reiterated just last year, once a defendant, and this is People v. Miklos, once a defendant files a petition to rescind the summary suspension with the clerk and sends a copy to the state's attorney's office, he has fulfilled his obligations under section 2-118.1 of the code. Also, when a defendant files his petition with the clerk and sends a copy to the state's attorney's office, the burden shifts to the state to ensure that this hearing is held within the time constraints set forth in the vehicle code. Quite simply, quite simply, because Mr. Nelson properly filed this in accordance with statute, properly served it upon the state, because his hearing was not set by the state, the petition should be granted. It should have been granted by the trial court, and this court should remand this cause so that the trial court can do so. One more thing I'd like to address is the state says on January 4th, which would have been beyond 30 days after filing the petition, but his first court appearance, so the state would have still been able to bring his petition to hearing on that date, that the defendant's silence or my silence or not bringing this issue up is also a delay occasioned by the defendant. But again, that's shifting the burden. Mr. Nelson has already at that point done everything he was required to do, and it was now the state's burden at that point to bring this issue to the court. Are you asking us to find the trial judge's order was void or something like it? I mean, what are we... What I'm in effect asking, judges, I'm saying the court erred in denying my motion to dismiss, my motion to dismiss the suspension because I did not get a hearing in 30 days. I think the, in effect, the administrative order should be overturned because that's what... So, I mean, the court's dismissal of your case based on... Based on the administrative order. Yes, sir. Thank you. So, if I understand you're saying, what is it again? Maybe you could just summarize what you're asking for. Judge, I think the administrative order is improper because it's placing an additional burden on the defendant. Yes, correct. And because that burden was placed on my client, or it was attempted to be placed on him, that is why his hearing was not brought forth in 30 days. Correct. But what relief is it that you're asking? I'm asking that this be sent back to the court and that the suspension be rescinded because he did not get his hearing within 30 days. He followed proper procedure and a hearing was not set. Therefore, the suspension should be rescinded. Okay. Thank you. Thank you. Mr. Austell, you may respond. Can you please, court? Counsel. The people note that the issue the defendant raises in this appeal is whether the trial judge erred by denying defendant's motion to dismiss or rescind. However, defendant did not argue in his main or his reply brief that his motion to dismiss was improperly denied. In both briefs, he only argues that the originally filed petition to rescind was improperly dismissed. The people submit that the trial judge's dismissal of the defendant's original petition to rescind was not a final appealable order. This court in the case of Layfield v. Village of University Park stated that a final order is one in which disposes of the merits of the case in such a way that no further proceedings could be had in the trial court. In the first district in Shaw, Bovis Incorporated stated that the dismissal is because of a deficiency which could be cured by a simple technical amendment. The trial judge's order is not the subject of appeal. In this case, the trial judge dismissed defendant's petition because defendant did not provide the proper form as required by the local court rule. The defendant could have easily cured that deficiency with a simple technical amendment by providing the proper form. Would that have started the clock running again? I think that the argument made by Mr. Nelson is that, you know, using his due diligence, he started that 30-day clock running. And that the dismissal of that, even without prejudice, is not technical in nature because the timeframe that had passed now is being held against the defendant in terms of the number of days that can be allotted for that hearing before his driving privileges are suspended on the 46th day. So, let's say it had been 15 days, then he gets this notice, then they have another 30 days, now he's at the 45th or 46th day, so he's already suspended. So would you still deem that technical? The fact that it was not filed on the proper form, it was very easily satisfied by simply submitting the form. And so that's a simple technical amendment. But if that form places an undue burden on the defendant, how do you answer that? I'd say in this case that it was not an undue burden because the trial judge provided the form with notice of the administrative order to defense counsel. Let's go look at this form a minute. What does this form do? I mean, what is this, just something somebody, they like their own forms here in LaSalle County? I can't answer that question, Your Honor, but the form itself is very simple. It requires the individual to put the case number, which I presume if they didn't have it themselves, it wasn't on their uniform citation, they could contact the clerk and get that, put their name and address. And there are five check boxes that correspond with the statutory grounds for rescission. And so they simply can check those boxes and then fax the form easily. They don't have to bring it to the court. There's no burden to carry it. They don't have to submit multiple copies to different places. Simply fill out that one form, check whatever box, if it's all five or a single box out of five, fax it in. They don't have to do anything more to it. Is there a better remedy than dismissing the case? Well, they simply dismissed it and said here's what you need to do in this particular case. Yeah, but was there a better remedy? A better remedy? I can't answer that, Your Honor. Could the clerk have just said, you know, we have this administrative order, and close, please find a form, please send this in and not dismiss the case? I presume that's a possibility. Or something like that, attend to that. There are, I'm sure, different possibilities, and then certainly that would be an option to not actually dismiss the petition. Yeah, so the state would know that we've got to act one way or another and the judge could tell the out-of-county lawyer this is what we do, you should do this in the future, you'll know, here's a copy, blah, blah, blah. But at this point, we've got to dismiss the case for filing a statutorily correct petition. True, but it didn't deny the defendant the opportunity to refile that within his 90-day period for filing. It did deny the defendant the opportunity to have an expeditious review of his petition, didn't it? I mean... We still had, the trial judge still had within 30 days after the first appearance to hold a hearing on that petition. So that time had not run at that point. So at that point... What if he was on vacation that week? I'm sorry? What if he was on vacation for 10 days, the lawyer? He's still within the time frame for filing, or if the filing was deemed accurate and correct at the time, the trial judge still was well within the time frame for holding a hearing on that same petition. At the first appearance hearing, no one raised this, that the petition had been filed. The trial judge had taken the time, of course, to do this, to provide the form to him, and he was clearly enforcing a local rule. And the trial judge has no discretion to ignore a local rule. The local rule has the force of statute and is binding on the trial judge. That's a good question, because I looked at that, or Westlaw, but I looked at the local rules in the West publications. Couldn't find it anywhere. And, you know, is there a difference between a local rule and an administrative order? I have not found any case law to make that differentiation, sir. Does it have the force and effect? I mean, what is your thinking on that? I believe it does, Your Honor, but I don't have case law to support that, because, as I said, I cannot find any case law that differentiates between administrative orders and local court rules, whether that wording itself. Whether publication makes a difference. I'm sorry, sir? Whether publication makes a difference. Again, I haven't found any case law. I don't know. I'm just asking because I'm not sure either. Right. I mean, I know there are instances where certain court rules, administrative orders, don't get on websites and are not published per se in that respect. But they are still available to you. For instance, I did call the circuit clerk. They told me about the rule. Faxed a form to me within minutes after my initial call, just to make sure. I went on the website, and I could not find the form. That's quite accurate. But that's what spurred me to make the phone call, you know, to see if there was something that needed to be done locally. But, I mean, in all fairness, because you knew that there was this order. I mean, you're trying to find it. As a practitioner, you're looking for them where they're published. Do you think that there's an additional duty, if you can't find something, to call every circuit clerk in 102 counties to say, hey, you know, I know the statute, and I see you don't have any published rules, but I want to make sure that you don't have any others that I don't know or that aren't published? No, Your Honor. I wouldn't expect that. I would not say that there's a duty to do that. However, when the trial judge provides you the form, tells you of the rule, then you have that notice, and it's in your hands. You've got the form. You've got the notice of the rule and everything. And then at that point, I think it's incumbent upon the attorney to follow through and submit the proper form. Okay. Help me out here, because you did say at that point that would not be appealable, that action by the trial judge. Right. Because it could have been, as I mentioned. Okay. So it's not appealable. Not appealable. It's appealable now, isn't it? Well, because we have a dismissal of his later motion, which is a separate issue, Your Honor. I mean, if it is considered a final order, then he did not file an appeal of that dismissal within 30 days as required by Rule 303. Okay. Before us, do you consider that action by the trial judge, that first dismissal, as reviewable by this court? No, sir, because it's not a final order. Because, as I mentioned, it could have been easily handled with a technical amendment, and then a hearing could have been heard on that same petition. So it was not final. So what's before us now to be decided that you would say is properly before us? Well, I'd say the denial of the defendant's motion to dismiss or rescind that he later filed after the first appearance hearing. But the defendant did not argue that case. That motion just said what? I'm sorry, sir? That denial of the petition to rescind, and the grounds for that was that there had not been a hearing within 30 days from his first petition, right? That's the argument that was made, sir, but that was not the issue raised. That's not the issue raised? No, the issue that was raised on appeal was whether the trial judge erred by denying the defendant's later filed motion to dismiss. But the argument made was that he erred by dismissing the previously filed petition. So the argument does not match the issue stated. And that's why we say that the issue, that particular issue has been waived, because under Supreme Court Rule 341, because he didn't make any argument on his issue stated. Isn't the argument that he makes layered on and the cause of or caused by previous dismissal, I mean, isn't that all part of the same package? It could be considered because he did file a second filing, and it was actually that filing that brought him within the period for filing, the 90-day period for filing. And then the trial judge did hold a hearing on that, both within 30 days of his filing that motion and within 30 days of the first appearance hearing, so that was timely. That hearing was timely. In that particular hearing on his motion to dismiss, the defendant provided no prima facie case supporting rescission, and therefore that motion to dismiss or rescind was properly denied. He didn't argue that, did he, in that second petition to rescind? In the motion to dismiss, Your Honor? Well, maybe I'm getting confused here. Because he filed two different forms. One was the petition to rescind, and that was the first filing. Right. Which is the one where he just says, Here is the form. I dismiss your case. Follow the form. Right? Correct. Okay. And then he filed a second petition to rescind. No, sir. He filed a motion to dismiss or rescind, labeled it differently, and apparently there was a different mindset in what he was after. But in that particular hearing, neither the people nor defense counsel argued the merits of either a petition to rescind or the motion to dismiss or rescind it. There was no, none of the statutory grounds. For instance, the fourth district in Hacker lists the four statutory grounds and says in addition to the statutory grounds of suspension, maybe you rescinded it where the stop of the defendant's vehicle was improper. The defendant did not offer any evidence demonstrating any of those statutory grounds. Also, one of the statutory grounds that if the state does not provide a hearing within 30 days of it being requested by the defendant, then you get, I mean, you win. If you don't get the timely hearing, you win. And that's what I want to talk to you a little bit about. When you say easily remedied, you know, the form isn't available online. I don't know about your rule. I follow the statute. And the only difference between your form and the statute is the notice of hearing at the bottom. So I follow the statute. And I'm advocating for my client. And I file it on November 24th. Six days goes by when the clock is ticking. And on the 30th day of November, the judge says, your case is, this is dismissed and you have to refile it. I can't get those six days back. There's not a remedy for that under the order that was entered by this judge. He doesn't say, we're going to stop the clock and we're going to get you those, you know, we're going to say that, you know, if you file it today, the clock's going to keep running. So it isn't a full remedy because that's part of his initial filing is that he's been prudent, he's active. He did this work. And now it's going to be not 30, because the state's aware, because this has been filed. Now it's going to be a minimum of 36 days that the state gets to provide this hearing. Your Honor, this is not analogous to speedy trial in the sense that this has 30 days after the filing or there's an or in the statute within 30 days of the first appearance. Either one of those could be within 30 days of that first filing or the hearing could be heard much later after the first appearance, 30 days after the first appearance. And the hearing was heard within the 30 days after the first appearance. So you're saying the state has, okay, if you file this before the first appearance, correct? The state has 30 days after the first appearance within which to hold the hearing. That's what our Supreme Court said in Smith, Your Honor. Counsel has two minutes. And the first appearance date was, was that the 30th or was that the 29th? The first appearance date was January 4th, 2010. He was initially arrested on November 14th of 2009. The petition, the original petition was filed the 24th of November. And then dismissed after, there was a Thanksgiving holiday at that point and it was dismissed the first day of court after the holiday. And the form was transmitted to the defendant on that same day. There was no delay after that. At least the record doesn't indicate that it was mailed. The indication was that it was faxed. I don't know that positively. Help me out with this. If this were not dismissed, he filed it in November and it was not dismissed. Does the state still have 30 days after the first appearance within which to hold this hearing? Or are they limited to within 30 days of only the filing? According to the Smith holding, the conjunctive or gives them either do a 30 days within the petition filing or it can be held alternatively within 30 days. So arguably if I'm there at the state's attorney's office, this comes across my desk and I'm calendaring when we've got to reply to this to set a hearing date. Okay? I can go from the date that I received it, arguably 30 days out. And I know I have to schedule the hearing within that time frame. Or I look at the first appearance date and can go out 30 days and say either within that time frame of the petition filing or the first appearance date, let's say it's December 2nd. I know I have 30 days after December 2nd, even though I've got this petition back in November to schedule the hearing. Is that correct? That's the way it's been interpreted. The statute has been interpreted. Under Smith. Yes, sir. So your argument is because I'm just a little slow at this. Your argument is that they still have the time to conduct that hearing within 30 days after the first appearance date. Yes, sir. And then people, the state's attorney could not bring a hearing on that because it's been dismissed. There's nothing the state's attorney can't say to the judge. Your order is wrong. I'm going to go ahead and schedule this. Right. Correct. So they had no option to go ahead and schedule. So they have to receive a second filing of the petition or dissent to start calendaring out when they're to hold that hearing. Or a reconsideration by the trial judge of his dismissal. So what if that order was void? What if that's a void order? What kind of a pickle does that put everybody in? Well, that was not addressed. That's what they're arguing, essentially. It was not argued in the briefs, Your Honor. This is not an issue that was discussed in either brief. And I could file a supplemental brief on that particular issue. But I don't have an answer for you at this moment on what would happen if that particular order was void. That determination obviously could not be made by the state's attorney to say your order is void.  That's why I said what kind of a pickle. Well, let's assume arguendo that it was void. Yeah. Was there ever a hearing scheduled by the state within 30 days of the first appearance? Yes, there was a hearing on the motion. But only because of that subsequent filing by the appellant. Right. But, Your Honor, if there wasn't a subsequent filing, the state could not have brought a hearing, could not have scheduled a hearing because it was dismissed. Right. Of course, they had no power to do so. But to back up, I mean, what you're saying, you're talking about Smith as if it's an absolute right to a 30-day extension beyond the first 30 days after the first appearance. But doesn't that have to be occasioned by a delay caused by the defendant that they have the 30 days, the additional 30 days after the first appearance? No, Your Honor. Smith said that any delay occasioned by the defendant would extend the 30-day period. It didn't change either of those 30-day periods, the 30-day period after filing the petition or the 30-day period which would come after the first appearance hearing. Those two time frames could be, either one of those time frames could be used to hold the hearing. Those are alternatives. The Smith hearing that you're alluding to on that extension of the 30-day period comes when the defendant occasions that delay, such as in this case where it didn't refile using the proper form, then the state couldn't bring any hearing. There's no scheduling that could have been done by the people at this time. But then we've got the later filed motion to dismiss or rescind, which then activated everything. We had the hearing within 30 days after the first appearance, and it was denied. And it was denied because there was no evidence of any violation of statutory grounds, rather, that demonstrated any of the statutory grounds or any other ground that might have supported rescission. The defendant did not satisfy his burden of proof by a preponderance of the evidence. What did the defendant argue at that hearing? He argued at that hearing that his original petition to dismiss was improperly dismissed. Which arguably, in substance, is a motion to reconsider that dismissal, isn't it? It could be interpreted that way, Your Honor, yes. I mean, the reason the court's treating it as a petition to rescind and saying, you know, where's your evidence here on all of the grounds of a normal petition to rescind statutory summary suspension instead of the, if I look at the record and when I get the record, I'll see that the argument is basically, hey, improper dismissal because of the wrong form used, and you're out of time, right? That's, in effect, the argument, wasn't it? No, Your Honor, I don't, if I'm understanding you correctly, it's not that he was out of time. It was. It was that he never argued any of the statutory grounds during the hearing. Well, I know that because the judge is sitting there expecting a run-of-the-mill petition to rescind summary suspension and saying, well, that's what this is, I think I'm hearing the petition to rescind summary suspension and I've got the statutory grounds and you're not even arguing them, therefore you lose, right? That's my understanding, yes. Okay. Instead, the attorney is arguing improper dismissal of my original petition, right? That appeared to be the argument that was taking place. Right, right. So it's basically how the trial judge and or how the court is characterizing this apparent hybrid motion, right? And that, excuse me, that may be my fault for using the word void as opposed to improper because, I mean, that's the time that I believe the defendant is making is the tie-in, if you will, is between the improper order, what he claims is an improper order, and the failure of the state's attorney to bring the hearing in time. And that's why I said I think it's a pickle because the state's attorney would assume it's a proper order, of course. Of course. Again, not bring anything because there was nothing to bring. At the same time, if it is improper, what are we left with? It could have been cured very easily, though, by submitting that form that had been provided. Then this whole situation actually would have been a little bit different. Well, just here, of course, everybody's going to go away if somebody didn't fall down the stairs. Exactly. But when the court provides you the form and the order, you know, I think it's incumbent upon the attorney then to act upon that notice. And, Your Honor, if I may, I'd like to conclude very quickly. Sure. People are asking that this court affirm the validity of the local circuit court rule in question and affirm the trial judge's dismissal of the defendant's petition for rescission based on that local rule. And we further ask that the court affirm the trial judge's denial of the defendant's motion for rescission, or for dismissal. Sorry. Thank you. Do you have any other questions of me? Thank you. Mr. Murphy? Have we fleshed this out clearly enough? I think so. Stay with the way we fleshed it out and answer us. First, I would concede that my boss wouldn't allow me a 10-day vacation, probably. I'm sorry about that. In this case, repent would have been like 85. And I'm going to be embarrassed if I'm wrong about this because I practice a lot of DUI law, but my understanding of Smith and the law is that it's 30 days from your filing of the petition or the first appearance date, if that's beyond 30 days. You don't then get an additional 30 days after the first appearance date to set a hearing. In effect, Judge, because officers can set your first appearance date up to 60 days. Correct. So 90 days for the state to get a hearing on that is obviously not what's contemplated by due process with regards to these hearings. Now, as far as whether there was a better remedy or whether the state could have done something, I believe the state could have done something because now that I've done everything proper and shifted the burden to the state to set a hearing, now that the judge has entered this dismissal order, if I were the state, I would have motioned it up and said, hey, I've got a burden here to set a hearing. This is improper, whatever. It's not my burden at that point. My motion that was denied and that I'm arguing should have been granted was only right due to the fact that I had not gotten a hearing either in 30 days after filing the petition or on January 4th, which was the first appearance date. Isn't the state's attorney in kind of a difficult decision making place here? To him, one of his local judges has just said this case is dismissed. So he's got nothing to set a hearing for, does he? He may have left his courthouse. I'm not sure my sympathy for the state attorney would have any relevance here. I'm sure you're very sympathetic. No, but seriously, he has nothing to act on in his mind. And that's why I think he's in front of three days a week. Correct. But that's why I think it was the state's duty to do something about this. May I ask? I have a sneaking suspicion the state's attorney didn't even know about it in this record. It would show otherwise. I have a feeling this was brought up to the trial by the circuit clerk's office and saying, hey, we got this and didn't use the form. Goodbye. And I don't think that's part of it. It was done. And that's another thing I wanted to point out because your Honor has asked about the contents of the form. And if you look at the form and the contents therein, it's not like they state any different grounds or anything else that was different than my petition. But if you look at the bottom, it appears what the form does is take the burden away from the state, relieve them of the burden of setting a hearing date, and just putting that on the clerk. Therefore, the state may never miss these 30 days because it seems that way. Because when I brought my motion to dismiss, the judge, it appeared, had never seen one of these or knew what it was. He thought he said counsel, it's called a petition to rescind. And I said, respectfully, Judge, I had already filed that before. I filed it before here because I didn't get my hearing in 30 days. And that's when things kind of got out of hand. Can you help me back with the Smith decision? 30 days of the date of the filing of the petition. Years ago, that's all we had, I thought. But now we're saying apparently within 30 days of the date of the first appearance? No, it's once I file my petition to rescind. Right. The state has to bring it either within 30 days of that filing or on the first appearance date if that's later than the 30 days. Okay. But that isn't what Smith says. That's my understanding of it, Judge. But if I'm wrong... Okay. But I think Smith is saying or within 30 days of the date of the first appearance. I respectfully disagree with that, Judge. That's why my confusion is... And I don't know if you're looking at the actual Smith case or the state's interpretation. This used to be within 30 days of filing or at the first appearance, whichever is later. Correct. That was the old rule I thought I understood. Okay. So if Smith overruled that, then I'm unaware of that, quite honestly. And I'm going to have to do some more research on that case. But at any rate, neither of that happened. My hearing on my petition was never brought. And I think counsel's argument is confusing what we actually did have a hearing on. Okay. And that goes back to my other question. You have this kind of hybrid motion. Motion slash what was it? Motion to dismiss slash rescind. Same kind of procedure that was done in Puckett, I believe, and Madden. You know, first there's a petition to rescind, which is controlled by 118 and have the grounds. Now, my motion is, hey, you still should dismiss or rescind the suspension, not because of the grounds enumerated in 2-118. But now based on case law that says you didn't get my hearing within 30 days or the first appearance date. You can understand the confusion the way it's captioned a little bit. It sounds like you've got a motion to dismiss. What was it? Slash? Maybe the caption. I don't know if it's confusing or not, Judge, but it is clear that my motion and everything that's explicit. What you argued and you alleged in your written motion was, hey, 30 days is wrong from the date I filed this. Precisely. And implicitly arguing that this was an improper dismissal because of the rule. Yes. And the motion that was heard, that was on my motion to dismiss. Correct. The petition rescind was never argued because the state never brought that to hear. Right. Right. So, and again, with regards to the better remedy, if the clerk had sent something back, here's the forms we used. Could you please send this back in? Sure. And if I sent it in, I still got a hearing within 30 days of my first petition, but now I've allowed them to administratively do whatever's easier based on this form, then that's fine. I wouldn't have a leg to stand on here. But again, I think the issue is, you know, a desire for people to use this form and a demand to use this form is what's at issue here. And the demand is what places additional burdens, burdens on the litigants. But more relevantly, simply because Mr. Nelson followed proper procedure and the hearing was not brought forth by the state at whatever time is required, the suspension should have been rescinded. Thank you. Thank you, Mr. Murphy. Mr. Austell, thank you again for your arguments in this matter this morning. I will be taken under advisement in a written disposition shall issue.